■    In the Matter of 160 COLUMBIA HEIGHTS CORP., Appellant, v DANIEL W. JOY, as Commissioner, Respondent.—Judgment, Supreme Court, New York County, entered April 2, 1976, unanimously reversed on the law, and vacated, the petition granted to the extent herein set forth, and judgment directed in favor of petitioner-appellant annulling determination of respondent-respondent District Rent Director deferring collection of 1974–1975 MBR rent by petitioner-appellant to March 1, 1975, substituting therefor a determination that that rent be collectible from and after May 1, 1974, without costs and without disbursements. The Court of Appeals has had occasion to comment on the morass which is the New York City Rent Control Law (New York City Administrative Code, §§ Y51-1.0 *et seq.; Matter of 89 Christopher v Joy*, 35 NY2d 213, 220; *Bedford Bldg. Co. v Beame*, 38 NY2d 729, 731; *210 East 68th St. Corp. v City Rent Agency*, 34 NY2d 560, 562), and now again: "Despite our repeated urging that it receive 'correction at the legislative level, State or local', [it] apparently continues unreformed [citing the above cases]." *(Matter of Tenants' Union of West Side v Beame*, 40 NY2d 133, 136). In the face of the caveat that "There is a limit to which courts may or should go in rectifying such statutory gaps" and that our interference should be "limited by a decedent respect for the separation of powers upon which our system of government is based." *(Matter of 89 Christopher v Joy, supra*, p 220), we find it necessary to intervene to correct inequity and to avoid absurdity. By this petition pursuant to article 78 CPLR, petitioner landlord seeks to annul the determination of respondent-respondent Director in respect of the landlord's eligibility to collect a rent increase for 1974–1975 as calculated under the maximum base rent (MBR) formula established by the Rent Control Law. The various delays in fixing an MBR for a particular property resulted in the pragmatic rule laid down in *Matter of 89 Christopher (supra)* permitting filing of the requisite certifi-

cates (1. proper expenditure for operation and maintenance proportioned to elapsed time since the MBR should have been available and actual rent payments; 2. absence of violations; 3. rendition of essential services) for numerous buildings in which difficulties with computers and otherwise had delayed furnishing of the MBRs. In petitioner's situation, the delay was further compounded, we hold, by acts and omissions of respondent agency. The original order contained an error in assessment of the building. Further, petitioner as well as many other landlords had come to rely on forms furnished by respondent to be used for the various necessary certifications of compliance. By reason of computer malfunction, petitioner, in common with numerous other landlords, was not furnished with the form for certification of expenditure of the requisite percentage for operation and maintenance. As a result, petitioner did not learn until it was too late—less than 90 days before January 1, 1974, when the new rent was to be effective—that the form should have been filed. As a result of the assessment error and the delay in furnishing the form, petitioner's challenge to the 1972–1973 rent order was not resolved until May 21, 1974. Denial of a new MBR was delayed until October 18, 1974, and petitioner was still unaware of dereliction. Petitioner, upon acquiring knowledge, filed its certificate at once, November 8, 1974, but respondent agency, charging all delay to petitioner but finding petitioner eligible for an increase, made it effective March 1, 1975. This ruling was not only unfair to petitioner, charging it with a dereliction which was not its fault, but it completely ignored the "amnesty" afforded by the decision in *Matter of 89 Christopher, supra.* Petitioner may not escape the 90 day delay in rent increase required by section Y51-5.0 (subd g, par [6], cl [d]), but is entitled at the very least to be relieved of the additional time penalty imposed by respondent, which resulted from its own fault. Had respondent acted timely, petitioner by timely response could have filed in time to bring about an MBR effective as of May 1, 1974. Accordingly, in the interest of justice, we have rolled the effective date of the increase back to May 1, 1974. Concur—Stevens, P. J., Markewich, Kupferman, Capozzoli and Nunez, JJ.